## American Contracting & Supply Company, Appellee, v. Speedway Park Association, Appellant.

### Gen. No. 22,940.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed December 21, 1917. Rehearing denied January 2, 1918.

### Statement of the Case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCIX 12

tain construction work for defendant. From a judgment for plaintiff, defendant appeals.

Each certificate contained provisions that plaintiff was entitled to the amount thereof for work done under the contract on or before July 31, 1915, and also to a mechanic's lien therefor. In settlement of a dispute arising after issuance of the certificates, another contract was entered into April 15, 1915, providing, among other things:

"The party of the first part (defendant) hereby recognizes and agrees to pay all certificates heretofore issued to the party of the second part (plaintiff) upon the presentation of all waivers of all claims for possible liens and agrees that the execution of this agreement or anything herein contained shall in no way affect the mechanic's lien of the party of the second part."

See also *Heller v. Speedway Park Ass'n*, Gen. No. 22,938, *post*, p. 181, and *American Contracting & Supply Co. v. Speedway Park Ass'n*, Gen. No. 22,939, *post*, p. 179.

CAMPBELL & FISCHER, for appellant.

HOAG & ULLMANN, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits is insufficient*. An affidavit of merits not containing an explicit denial of any material averment in the statement of claim but in the nature of an argument with mere conclusions of fact or law, was insufficient.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits in action by contractor on certificates is insufficient*. Where a contract was entered into between the owner of certain construction work and the contractor therefor, providing that the former would

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

American Con. & Sup. Co. v. Speedway Park Assn., 209 Ill. App. 179.

pay certain certificates theretofore issued by it to the contractor "upon the presentation of all waivers of all claims for possible' liens," a general averment in the former's affidavit of merits in an action in the Municipal Court of Chicago to recover on the certificates that plaintiff had failed to present to defendant "waivers of all claims or any claims for possible liens," and the averment that plaintiff had not paid the two claims referred to in its statement of claim averring waivers of liens of such claims, without any specific denials of the averments in the statement that there were no other claims than those stated or allegations therein of facts from which it appeared no other liens could be asserted, *held* insufficient to present an issue of fact as to whether plaintiff had presented waivers of all possible liens under the contract.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim in action by contractor on certificates is sufficient.* Where a contract between the owner of certain construction work and the contractor therefor provided that the former would pay certain certificates issued by it to the contractor "upon the presentation of all waivers of all claims for possible liens," an averment, in a statement of claim in an action to recover on the certificates, of the presentation of the waiver called for by the contract was sufficient without averring also an extinguishment of the liens.